# Court of Appeals
## Tenth Appellate District of Texas

10-24-00049-CV

Michael Lollis,
Appellant

v.

University of Texas Medical Branch,
Appellee

On appeal from the
12th District Court of Walker County, Texas
Judge David W. Moorman, presiding
Trial Court Cause No. 2330980

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Michael Lollis, acting *pro se*, sued the University of Texas Medical Branch (UTMB), alleging that UTMB's employees negligently administered an expired COVID-19 booster shot to him that caused adverse side effects. To comply with the requirements of Civil Practice and Remedies Code Chapter 74 for health care liability claims, Lollis served UTMB with an expert report. The expert report was prepared by a nurse practitioner.

UTMB filed an "Objection to Plaintiff Lollis' Expert Report and Motion to Dismiss." UTMB first objected to whether Lollis's proffered expert report constituted an expert report, arguing that a nurse practitioner is not qualified to render an expert opinion on issues of causation. UTMB next objected to whether Lollis's proffered expert report constituted a good faith effort to comply with Chapter 74's requirements, arguing that even if a nurse practitioner could offer an expert opinion on issues of causation, Lollis's expert report failed to adequately explain how the administering of an expired COVID-19 booster shot proximately caused Lollis's alleged injuries. Finally, UTMB moved to dismiss Lollis's claims on the grounds that Lollis's proffered expert report failed to meet the minimum qualifications of an expert report under Chapter 74.

Lollis filed a response to UTMB's "Objection to Plaintiff Lollis' Expert Report and Motion to Dismiss." In the response, Lollis requested that UTMB's motion to dismiss be overruled and that, if the trial court found deficiencies in the expert report, he be granted a thirty-day extension to cure the deficiencies.

The trial court held a hearing during which it heard arguments on UTMB's objections and motion to dismiss. At the end of the hearing, the trial court took the matter under advisement. The trial court then signed an "Order Sustaining Defendant's Objections to Plaintiff's Chapter 74 Expert Report." The order states: "On this day the Court considered Defendant University of

Texas Medical Branch's Objections to Plaintiff Michael Lollis' Chapter 74 Expert Report. The Court finds that Defendant's objections have merit. It is therefore ORDERED that Defendant's objections are SUSTAINED." The order does not mention Lollis's request for a thirty-day extension to cure any deficiencies in the expert report, nor does the order mention UTMB's motion to dismiss.

Lollis filed a notice of appeal from the trial court's "Order Sustaining Defendant's Objections to Plaintiff's Chapter 74 Expert Report." The notice of appeal was docketed in this cause number. In the notice of appeal, Lollis stated that he "files this Notice of Appeal in objection to the Court's finding that Defendant's objections have merit and [to] it therefore Order[ing] that Defendant's objections are sustained." Lollis further stated in the notice of appeal:

> In a healthcare liability claim, at the preliminary stage, all that is required is a good faith effort to explain factually how proximate cause is going to be proven. Such an explanation is sufficient if it provides a straight forward link between the alleged breach of the standard of care and the complaintant's [*sic*] injuries. Whether the explanation is believable should be litigated at a later stage of the proceedings.

> In the instant case plaintiff made a GOOD FAITH EFFORT when he timely presented his expert report. The report was opined by a licensed Nurse Practitioner . . . in which he stated the minimum standards of care and how that care was breached. Although a Nurse Practitioner is unable to opine on proximate causation which makes the expert report deficient, the report nontheless [*sic*] represents a GOOD FAITH EFFORT to comply

with Tex. Civ. Prac. Rem. Code Section 74.351(c).  Morrison v. Asamoa, 648 S.W.3d 628.

A trial court should grant a thirty (30) day extension for the plaintiff to cure the deficiency.  Leland v. Brandal, 257 S.W.3d 204, 205 (Tex. 2008).

PRAYER FOR RELIEF

Plaintiff prays that said Court sustain his Notice of Appeal and grant a thirty (30) day extension in order to cure the expert report deficiencies.

UTMB thereafter filed a motion to dismiss this appeal for want of jurisdiction, arguing that the appeal is neither an appeal from a final judgment nor a proper challenge to an appealable interlocutory order under section 51.014(a)(10) of the Civil Practice and Remedies Code.  *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012 ("In a civil case in which the judgment or amount in controversy exceeds $250, exclusive of interest and costs, a person may take an appeal or writ of error to the court of appeals from a *final* judgment of the district or county court." (emphasis added)), 51.014(a)(10) ("A person may appeal from an interlocutory order of a district court . . . that . . . grants relief sought by a motion under Section 74.351(*l*)."), 74.351(*l*) ("A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6).").  Lollis filed a response.  On January 3, 2025, we then issued

an order denying UTMB's motion to dismiss. We agreed with UTMB that this appeal is not an appeal from a final judgment.[1] But we disagreed with UTMB that Lollis has not properly appealed from an appealable interlocutory order under section 51.014(a)(10) of the Civil Practice and Remedies Code. UTMB conceded in its motion to dismiss that the trial court's "Order Sustaining Defendant's Objections to Plaintiff's Chapter 74 Expert Report" is an appealable interlocutory order. UTMB argued, however, that based on the substance of Lollis's notice of appeal, this appeal is not actually an appeal from the trial court's "Order Sustaining Defendant's Objections to Plaintiff's Chapter 74 Expert Report" and instead rests on Lollis's mistaken belief that the trial court dismissed his claims without providing him a thirty-day extension to cure any deficiencies in his expert report. But even if Lollis was mistaken in his interpretation of the trial court's order, Lollis has filed a notice of appeal from the order. Accordingly, we concluded in our January 3, 2025 order that we have jurisdiction of this appeal to the extent that it is an appeal from the trial court's "Order Sustaining Defendant's Objections to Plaintiff's Chapter 74 Expert Report." *See* TEX. R. APP. P. 25.1(b) ("The filing of a notice

---

[1] Specifically, we concluded that because the trial court's "Order Sustaining Defendant's Objections to Plaintiff's Chapter 74 Expert Report" does not dispose of Lollis's claims against UTMB, nor does the order state that it finally disposed of all claims and parties, we cannot deem it a final judgment from which Lollis might appeal. *See Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) (per curiam) ("[C]ourts will deem a judgment without a trial to be final '(1) [when the judgment] actually disposes of every pending claim and party or (2) [when] it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so.'" (quoting *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam))).

of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from.").

Lollis has now filed his appellant's brief. Lollis states in his brief that he "fully accepts" this Court's January 3, 2025 order "on all the issues." Lollis then states: "Through this result appellate [*sic*] has no objections at this time." Lollis then prays that we remand this case to the trial court.

Because Lollis has "no objections at this time" with the trial court's "Order Sustaining Defendant's Objections to Plaintiff's Chapter 74 Expert Report," we construe Lollis's brief as a motion to dismiss this appeal. *See id.* R. 42.1(a)(1). Lollis does go on to request that in disposing of the appeal, we order the trial court to grant a thirty-day extension for him to cure the deficiency in his expert report and remind the trial court that he "is incarcerated with no ability to contact or see an outside medical provider in order to opine on proximate causation." However, as stated above, we have jurisdiction of this appeal only to the extent that it is an appeal from the trial court's "Order Sustaining Defendant's Objections to Plaintiff's Chapter 74 Expert Report." And, as indicated above and in our January 3, 2025 order, the record here does not reflect that the trial court ever ruled on Lollis's request for a thirty-day extension in its "Order Sustaining Defendant's Objections to Plaintiff's Chapter 74 Expert Report." Without a ruling, we have nothing to

review. *See id.* R. 33.1(a); *Lincoln v. Clark Freight Lines, Inc.*, 285 S.W.3d 79, 92 n.12 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

Dismissal of this appeal would not prevent another party from seeking relief to which it would otherwise be entitled. *See* TEX. R. APP. P. 42.1(a)(1). Lollis's motion to dismiss is therefore granted, and this appeal is dismissed. Lollis's "2nd Supplemental Motion for Appointment of Counsel," dated January 15, 2025, and filed on January 17, 2025, is dismissed as moot.

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  March 6, 2025

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Dismissed
[CV06]

